UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CAI ZHONG LI, CUI LAN ZHAO, YAN E. YU, HUI        :
XIA FENG, XIAO YONG XU, CAI MEI YU, SHU           :
QUN CAO, YU XIU WU, HUI XIA KUANG, YU             :    No.: 25 Civ. 4118 (AMD)(CLP)
JIAO MOY, and XUE JIAO ZHU                        :
                                                  :
                     Plaintiffs,                  :    **COMPLAINT**
                                                  :
           - against -                            :
                                                  :
1ST CHOICE HOME CARE SERVICE INC.,                :
                                                  :
                     Defendant.                   :
------------------------------------------------------------------ X

Plaintiffs ("Plaintiffs"), by and through their attorneys Kessler Matura P.C. and Aaron

Halegua, PLLC, complaining of 1st Choice Home Care Services, Inc., ("Defendant"), allege as

follows:

## INTRODUCTION

1.      Plaintiffs are current and former employees of Defendant.

2.      Defendant has employed Plaintiffs as Home Health Aides to provide services for

individuals with serious illnesses and disabilities.

3.      As Home Health Aides, Plaintiffs provided services to homebound, ailing elderly

and/or disabled patients, including but not limited to, personal care services, such as assistance

with dressing, bathing and personal grooming, lifting and transferring bedridden or immobile

clients, cooking and serving food, changing diapers and toileting, cleaning (such as mopping,

sweeping, cleaning bathrooms, doing laundry), making appointments, escorting clients to the

doctor, and making transportation arrangements, and taking out garbage.

4.      Throughout their employment with Defendant, Plaintiffs regularly worked 24-hour

shifts in which they were not able to have at least five hours of uninterrupted sleep per night. This

was a result of being required to wake up several times per night to turn the clients, assist them with going to the bathroom, or change them after they soiled themselves.

5.     Despite working 24-hour shifts without sufficient uninterrupted sleep time, Plaintiffs were only paid for 13 hours a day.

6.     As a result, Plaintiffs were not paid all overtime wages, non-overtime and minimum wages, spread-of-hours wages, and wage premiums they were due.

7.     Additionally, Plaintiffs were not paid within seven days after the end of their workweek.  Rather Plaintiffs had to wait eight or more days after completing their workweek to get their hard-earned wages.

8.     Plaintiffs now bring this action to recover their back wages, and other damages, under the Fair Labor Standards Act ("Fair Labor Standards Act"), 29 U.S.C. § 201, *et seq.*, New York Labor Law ("NYLL"), Articles 6 & 19, and the New York Wage Parity Law ("WPL"), Public Health Law 3614-c.

## JURISDICTION & VENUE

9.     Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).

10.    This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because events giving rise to this action occurred in Kings County, New York.

11.    This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a).

## RELATED PROCEDURAL HISTORY

12.    On October 13, 2023, Plaintiffs' counsel wrote Defendant to advise Defendant that Plaintiffs' counsel represents Plaintiffs.

13.     On October 16, 2023, Defendant's counsel, responded to Plaintiffs' counsel, asking counsel to identify all individuals represented by counsel.

14.     On October 18, 2023, Plaintiffs' counsel identified Plaintiffs.

15.     Plaintiffs claims were not resolved with Defendant within 30 days of submitting her claims to Defendant.

16.     Defendant's arbitration policy, titled "Agreement Regarding the Fact-Finding and Issue Resolution ("FAIR") Program and Arbitration," recommends that its employees give written notice of the claims to Defendant before initiating an arbitration with the American Arbitration Association ("AAA").  If an employee does not receive a satisfactory response from Plaintiff within 30 days of raising the issue, the employee "must follow the arbitration procedure set forth" elsewhere in the agreement to pursue her claims.

17.     To initiate an arbitration under the agreement, the Plaintiff must "file a written demand in accordance with the rules of the AAA for starting the arbitration process."

18.     In accordance with the agreement, as described above, Plaintiffs complied with the prerequisite to filing an arbitration, and filed demands for arbitration with the AAA on August 1, 2024.

19.     After Defendant failed to remit the required filing fees, despite numerous requests for payment, the AAA administratively closed the files on February 7, 2024, and refunded Plaintiffs' filing fees.

## THE PARTIES:  PLAINTIFFS

### *Cai Zhong Li*

20.     Plaintiff Cai Zhong Li is an adult resident of Kings County, New York.

21.    Plaintiff Cai Zhong Li filed a complaint with the New York State Department of Labor on May 3, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

22.    Plaintiff Cai Zhong Li has worked for Defendant as a Home Health Aide since about July 2019.

23.    Plaintiff Cai Zhong Li regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

24.    For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

25.    Plaintiff Cai Zhong Li has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

26.    Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  For example, from about July 2019 through February 2020, and again from about April 2020 through September 2023, Plaintiff Cai Zhong Li cared for a man in his 90s suffering from dementia.  The patient had limited mobility, needing a wheelchair to get around.  He also needed to use the bathroom or his diapers about three to four times per night.

27.    Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked.  For example, from about July 2019 through February 2020, and again from about April 2020 through September 2023, Plaintiff regularly worked about two 24-hour live-in shifts per workweek.

28.     Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

29.     Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

30.     Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

31.     At all times relevant, Cai Zhong Li was an "employee" as defined by 29 U.S.C. § 203(e)(1).

32.     At all times relevant, Cai Zhong Li was an "employee" as defined by NYLL §§ 190(2), 651(5).

33.     At all times relevant, Cai Zhong Li was a "home care aide" as defined by the WPL § 3614-c(d).

34.     At all times relevant, Cai Zhong Li was a "manual worker" as defined by NYLL § 190(4).

***Cui Lan Zhao***

35.     Plaintiff Cui Lan Zhao is an adult resident of Kings County, New York.

36.     Plaintiff Cui Lan Zhao filed a complaint with the New York State Department of Labor on May 3, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

37.     Plaintiff Cui Lan Zhao has worked for Defendant as a Home Health Aide since about July 2017.

38.     Plaintiff Cui Lan Zhao regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

39. For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

40. Plaintiff Cui Lan Zhao has her own home. She did not reside in the patients' homes, or at a home provided by Defendant.

41. Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night. For example, from about October 2021 through September 2023, Plaintiff cared for a female patient in her 90s suffering from, among other things, diabetes and high blood pressure. The patient had limited mobility, needing a wheelchair or a walker to get around. She also needed to use the bathroom or his diapers about five times per night.

42. Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked. For example, from about October 2021 through September 2023, Plaintiff regularly worked about two 24-hour live-in shifts per workweek.

43. Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

44. Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

45. Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

46. At all times relevant, Cui Lan Zhao was an "employee" as defined by 29 U.S.C. § 203(e)(1).

47. At all times relevant, Cui Lan Zhao was an "employee" as defined by NYLL §§ 190(2), 651(5).

48.    At all times relevant, Cui Lan Zhao was a "home care aide" as defined by the WPL § 3614-c(d).

49.    At all times relevant, Cui Lan Zhao was a "manual worker" as defined by NYLL § 190(4).

***Yan E. Yu***

50.    Plaintiff Yan E. Yu is an adult resident of Kings County, New York.

51.    Plaintiff Yan E. Yu filed a complaint with the New York State Department of Labor on May 3, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

52.    Plaintiff Yan E. Yu has worked for Defendant as a Home Health Aide since about June 2019.

53.    Plaintiff Yan E. Yu regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

54.    For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

55.    Plaintiff Yan E. Yu has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

56.    Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  For example, from about April 2020 to September 2021, Plaintiff cared for a woman in her 80s suffering from dementia, diabetes, and high blood pressure.  The patient had limited mobility, needing a wheelchair to get around.  She also needed assistance using the bathroom about five times per night, spending a significant amount of time in the bathroom each time.

57.    Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked.  For example, starting in about September 2021, Plaintiff regularly worked about three 24-hour live-in shifts per workweek.

58.    Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

59.    Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

60.    Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

61.    At all times relevant, Yan E. Yu was an "employee" as defined by 29 U.S.C. § 203(e)(1).

62.    At all times relevant, Yan E. Yu was an "employee" as defined by NYLL §§ 190(2), 651(5).

63.    At all times relevant, Yan E. Yu was a "home care aide" as defined by the WPL § 3614-c(d).

64.    At all times relevant, Yan E. Yu was a "manual worker" as defined by NYLL § 190(4).

### *Hui Xia Feng*

65.    Plaintiff Hui Xia Feng is an adult resident of Kings County, New York.

66.    Plaintiff Hui Xia Feng filed a complaint with the New York State Department of Labor on May 15, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

67.  Plaintiff Hui Xia Feng has worked for Defendant as a Home Health Aide since about July 2017.

68.  Plaintiff Hui Xia Feng regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

69.  Throughout her employment, Plaintiff regularly worked about two 24-hour live-in shifts per workweek.

70.  For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

71.  Plaintiff Hui Xia Feng has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

72.  Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  For example, throughout her employment, Plaintiff repeatedly cared for a man in his 90s suffering from diabetes and high blood pressure.  The patient had limited mobility, needing a walker or wheelchair to get around.  She also needed assistance with using the bathroom or her diapers throughout the night on a near hourly basis.

73.  Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked.

74.  Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

75.  Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

76.     Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

77.     At all times relevant, Hui Xia Feng was an "employee" as defined by 29 U.S.C. § 203(e)(1).

78.     At all times relevant, Hui Xia Feng was an "employee" as defined by NYLL §§ 190(2), 651(5).

79.     At all times relevant, Hui Xia Feng was a "home care aide" as defined by the WPL § 3614-c(d).

80.     At all times relevant, Hui Xia Feng was a "manual worker" as defined by NYLL § 190(4).

***Xiao Yong Xu***

81.     Plaintiff Xiao Yong Xu is an adult resident of Kings County, New York.

82.     Plaintiff Xiao Yong Xu filed a complaint with the New York State Department of Labor on May 3, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

83.     Plaintiff Xiao Yong Xu has worked for Defendant as a Home Health Aide since about April 2020.

84.     Plaintiff Xiao Yong Xu regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

85.     Throughout her employment, Plaintiff regularly worked up to four 24-hour live-in shifts per workweek.

86.     For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

87.     Plaintiff Xiao Yong Xu has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

88.     Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  Throughout her employment, Plaintiff cared for a man and woman in their 80s and 70s.  The man was bed-bound and suffered from Parkinsons.  The woman suffered from diabetes and high blood pressure. The bed-bound male patient needed to be turned every three hours and needed assistance with his diapers about twice per night.

89.     Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked.

90.     Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

91.     Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

92.     Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

93.     At all times relevant, Xiao Yong Xu was an "employee" as defined by 29 U.S.C. § 203(e)(1).

94.     At all times relevant, Xiao Yong Xu was an "employee" as defined by NYLL §§ 190(2), 651(5).

95.     At all times relevant, Xiao Yong Xu was a "home care aide" as defined by the WPL § 3614-c(d).

96.     At all times relevant, Xiao Yong Xu was a "manual worker" as defined by NYLL § 190(4).

***Cai Mei Yu***

97.     Plaintiff Cai Mei Yu is an adult resident of Kings County, New York.

98.     Plaintiff Cai Mei Yu filed a complaint with the New York State Department of Labor on July 28, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

99.     Plaintiff Cai Mei Yu has worked for Defendant as a Home Health Aide from about June 2016 through December 2017.

100.    Plaintiff Cai Mei Yu regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

101.    Plaintiff regularly worked about four 24-hour live-in shifts per workweek.

102.    For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

103.    Plaintiff Cai Mei Yu has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

104.    Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  Through her employment, Plaintiff cared for a woman in her 60s suffering from high blood pressure and serious mobility issues, needing a wheelchair to get around.  She also needed assistance to use the commode about twice times per night, taking about an hour or more per use.

105.    Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked.

106.    Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

107.    Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

108.    Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

109.    At all times relevant, Cai Mei Yu was an "employee" as defined by NYLL §§ 190(2), 651(5).

110.    At all times relevant, Cai Mei Yu was a "home care aide" as defined by the WPL § 3614-c(d).

111.    At all times relevant, Cai Mei Yu was a "manual worker" as defined by NYLL § 190(4).

***Shu Qun Cao***

112.    Plaintiff Shu Qun Cao is an adult resident of Kings County, New York.

113.    Plaintiff Shu Qun Cao filed a complaint with the New York State Department of Labor on August 1, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

114.    Plaintiff Shu Qun Cao has worked for Defendant as a Home Health Aide from about June 2016 through December 2017.

115.    Plaintiff Shu Qun Cao regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

116.    For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

117.    Plaintiff Shu Qun Cao has her own home. She did not reside in the patients' homes, or at a home provided by Defendant.

118.    Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night. For example, from about August 2019 through October 2019, Plaintiff cared for a woman in her 70s suffering from lung complications and mobility issues, needing a walker to get around. She also needed assistance to use the bathroom and her diapers about two to three times per night.

119.    Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked. For example, until about June 2019, Plaintiff regularly worked about three 24-hour live-in shifts per workweek and after June 2019 she regularly worked two 24-hour live-in shifts.

120.    Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

121.    Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

122.    Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

123.    At all times relevant, Shu Qun Cao was an "employee" as defined by NYLL §§ 190(2), 651(5).

124.    At all times relevant, Shu Qun Cao was a "home care aide" as defined by the WPL § 3614-c(d).

125.    At all times relevant, Shu Qun Cao was a "manual worker" as defined by NYLL § 190(4).

***Yu Xiu Wu***

126.    Plaintiff Yu Xiu Wu is an adult resident of Kings County, New York.

127.    Plaintiff Yu Xiu Wu filed a complaint with the New York State Department of Labor in October 2021.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

128.    Plaintiff Yu Xiu Wu has worked for Defendant as a Home Health Aide from about June 2016 through December 2017.

129.    Plaintiff Yu Xiu Wu regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.  From about April through September 2019, Plaintiff regularly worked about one 24-hour live-in shift per workweek.

130.    For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

131.    Plaintiff Yu Xiu Wu has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

132.    Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  For example, from about April 2019 to September 2019, Plaintiff cared for a couple in their 70s and 80s, including an individual fighting cancer who had limited mobility, needing a wheelchair or walker to get around.  The patient also needed to use the bathroom about three times per night.

133.    Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

134.    Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

135.    Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

136.    At all times relevant, Yu Xiu Wu was an "employee" as defined by NYLL §§ 190(2), 651(5).

137.    At all times relevant, Yu Xiu Wu was a "home care aide" as defined by the WPL § 3614-c(d).

138.    At all times relevant, Yu Xiu Wu was a "manual worker" as defined by NYLL § 190(4).

### Hui Xia Kuang

139.    Plaintiff Hui Xia Kuang is an adult resident of Kings County, New York.

140.    Plaintiff Hui Xia Kuang filed a complaint with the New York State Department of Labor on September 29, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

141.    Plaintiff Hui Xia Kuang has worked for Defendant as a Home Health Aide from about March 2020 through July 2021.

142.    Plaintiff Hui Xia Kuang regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

143.    Plaintiff Hui Xia Kuang regularly worked about two 24-hour live-in shifts per workweek.

144.    For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

145.    Plaintiff Hui Xia Kuang has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

146.    Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  For example, from about March 2020 through July 2021, Plaintiff cared for a man and woman in their 80s.  The man suffered from dementia, high blood pressure, mobility issues – needing a walker to get around – and the residual effects of a stroke.  He also needed to use a commode or his diapers about three to four times per night.

147.    Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked.

148.    Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

149.    Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

150.    Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

151.    At all times relevant, Hui Xia Kuang was an "employee" as defined by NYLL §§ 190(2), 651(5).

152.    At all times relevant, Hui Xia Kuang was a "home care aide" as defined by the WPL § 3614-c(d).

153.    At all times relevant, Hui Xia Kuang was a "manual worker" as defined by NYLL § 190(4).

***Yu Jiao Moy***

154.    Plaintiff Yu Jiao Moy is an adult resident of Kings County, New York.

155.    Plaintiff Yu Jiao Moy filed a complaint with the New York State Department of Labor on August 5, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

156.    Plaintiff Yu Jiao Moy has worked for Defendant as a Home Health Aide from about February 2017 through November 2020.

157.    Plaintiff Yu Jiao Moy regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour live-in shifts.

158.    Plaintiff regularly worked about two to three 24-hour live-in shifts per workweek.

159.    For the benefit of Defendant and its patients, Defendant required Plaintiff to be at the client's residence for 24 hours during any given 24-hour shift.

160.    Plaintiff Yu Jiao Moy has her own home.  She did not reside in the patients' homes, or at a home provided by Defendant.

161.    Because Defendant's patients were often elderly and suffering from various health ailments, they required constant care, whether during the day or throughout the night.  For example, from about February 2018 through November 2020, Plaintiff cared for a woman in her 80s suffering from dementia, high blood pressure, and partial paralysis, needing a wheelchair to get around.  She also needed assistance to use the commode and her diapers about four to five times per night.

162.    Because the unpaid time occurred in weeks in which Plaintiff worked two or more live-in shifts, Plaintiff worked over 40 hours in a workweek and was not paid overtime for all overtime worked.

163.    Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

164.    Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

165.    Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

166.    At all times relevant, Yu Jiao Moy was an "employee" as defined by NYLL §§ 190(2), 651(5).

167.    At all times relevant, Yu Jiao Moy was a "home care aide" as defined by the WPL § 3614-c(d).

168.    At all times relevant, Yu Jiao Moy was a "manual worker" as defined by NYLL § 190(4).

**Xue Jiao Zhu**

169.    Plaintiff Xue Jiao Zhu is an adult resident of Kings County, New York.

170.    Plaintiff Xue Jiao Zhu filed a complaint with the New York State Department of Labor on June 14, 2022.  On May 29, 2024, the New York State Department of Labor confirmed receipt of the withdrawal of her complaint.

171.    Defendant paid Plaintiff $15.00 an hour.

172.    Throughout her employment, Plaintiff regularly worked two 12-hour shifts per week.

173.    Defendant, however, did not pay Plaintiff spread-of-hours wages.

174.    Plaintiff Xue Jiao Zhu has worked for Defendant as a Home Health Aide from about December 2020 through January 2022.

175. Plaintiff spent over 25% of her time performing physical job duties, including those described in Paragraph 3 above.

176. Defendant regularly paid Plaintiff eight or more days after the end of her workweek.

177. Defendant, therefore, failed to pay Plaintiff within seven days after the end of the workweek as required by the NYLL.

178. Plaintiff furnished labor to Defendant in furtherance of Defendant's performance of the contracts.

179. The agreement to pay Plaintiff the prevailing rates of wages and benefits as required by WPL § 3614-c was made for the benefit of Plaintiffs.

180. Defendant's failure to pay all hours worked also resulted in Plaintiff being denied the WPL wage premiums due.

181. At all times relevant, Xue Jiao Zhu was an "employee" as defined by NYLL §§ 190(2), 651(5).

182. At all times relevant, Xue Jiao Zhu was a "home care aide" as defined by the WPL § 3614-c(d).

183. At all times relevant, Xue Jiao Zhu was a "manual worker" as defined by NYLL § 190(4).

## THE PARTIES:  DEFENDANT

### *1st Choice Home Care Services, Inc.*

184. Defendant is a domestic business corporation incorporated under the laws of the State of New York.

185. Defendant maintains a principal place of business at 8501 New Utrecht Avenue, 2nd Floor, Brooklyn, NY 11214.

186.    Defendant is a Licensed Home Care Services Agency ("LHCSA").

187.    Defendant employs Home Health Aides who provide personalized home care to elderly and disabled people through the five boroughs of New York City.

188.    Defendant, in its capacity as a LHCSA, employs Home Health Aides to work either "live-in shifts" or "non-live-in-shifts" (sometimes referred to as "hourly shifts").

189.    With a live-in shift, the Home Health Aide remains at the patient's residence for a 24-hour period, usually overnight.

190.    By default, Defendant pays Home Health Aides who work line-in shifts for only 13 hours of work.

191.    For non-live-in shifts, the Home Health Aide is paid the number of hours worked.

192.    Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

193.    Defendant is an "employer" within the meaning of NYLL §§ 190(3), 651(6).

194.    Defendant employs employees, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

195.    Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

196.    Defendant maintains control, oversight, and direction over its operations and employment practices.

197.    Defendant is a "certified home health agency," "long term home health care program," "managed care plan" and/or "licensed home care services agency" that furnishes "home care aide" within the meaning of WPL § 3614-c.

198.    Upon information and belief, Defendant entered into contracts with government agencies which called for Defendant to pay Home Health Aides, including Plaintiffs, prevailing wage rates and benefits as required by WPL § 3614-c ("Government Contracts").

199.    The New York State Department of Health ("DOH") lists Defendant as a New York State Lead Fiscal Intermediaries ("Fiscal Intermediary") for the Consumer Directed Personal Assistance Program.

200.    Defendant is a Fiscal Intermediary serving individuals in the following five counties:  Bronx, Kings, Nassau, New York, Queens, and Richmond.  https://www.health.ny.gov/funding/rfo/20039/docs/attestation_awardees_by_county.pdf (last visited Apr. 9, 2024).

201.    To become a Fiscal Intermediary, Defendant had to submit an offer to contract to the DOH.

202.    As an Fiscal Intermediary, Defendant agreed to "comply with all applicable laws, rules, and guidance, including, but not limited to: . . . e) N.Y. Pub. Health Law § 3614-c (Wage Parity) and any successor law or laws; [and] f) State and federal labor laws . . . .  *See* https://www.health.ny.gov/funding/rfo/20039/docs/20039.pdf (last visited Mar. 26, 2024).

203.    Plaintiffs furnished labor to Defendant in furtherance of Defendant's performance of these Government Contracts.

204.    The agreement to pay Home Health Aides, including Plaintiffs, the prevailing rates of wages and benefits as required by WPL § 3614-c was made for the benefit of Home Health Aides employed by Defendant.

205.    Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid all workers furnishing labor pursuant to the Government Contracts was included in and formed a part of the Government Contracts.

206.    Pursuant to WPL § 3614-c, governmental agencies "must obtain a written certification from the licensed home care services agency or other third party, on forms prepared by the department in consultation with the department of labor, which attests to the licensed home care services agency's or other third party's compliance with the terms of this section. Such certifications shall also obligate the certified home health agency, long term home health care program, or managed care plan to obtain, on no less than a quarterly basis, all information from the licensed home care services agency or other third parties necessary to verify compliance with the terms of this section. Such certifications and the information exchanged pursuant to them shall be retained by all certified home health agencies, long term home health care programs, or managed care plans, and all licensed home care services agencies, or other third parties for a period of no less than ten years, and made available to the department upon request."

207.    Upon information and belief, Defendant made the required certifications concerning compliance with the wage provisions of WPL § 3614-c.

## PLAINTIFFS' CLAIMS

### Failure to Pay Overtime, Non-Overtime, Spread-of-Hours Pay, and WPL Wages

208.    As described above, Plaintiffs regularly worked unpaid hours by virtue of only being paid 13 hours of pay for 24-hour shifts.

209.    When working a 24-hour shift, Plaintiffs were required to stay overnight at the residences of Defendant's clients.

210.    Generally, Plaintiffs were not permitted to leave the residence during such shifts. Plaintiffs remained at the residence to provide immediate assistance to Defendant's clients, when needed.

211.    For the benefit of Defendant and its clients, Defendant required Plaintiffs to be

at the client's residence for 24 hours during any given 24-hour shift.

212.    Plaintiffs have their own homes.  They do not reside in the clients' homes, or a home provided by Defendant.

213.    Because Defendant's clients were often elderly and suffering from various health ailments, they required constant care.  For example, many of the clients that Plaintiffs worked with suffered from dementia, were bed-ridden, were unable to walk or cannot walk without assistance, or suffer from incontinence.  They also needed assistance to eat.

214.    As a result, Plaintiffs did not receive regularly scheduled work-free uninterrupted periods to sleep for five or more hours.

215.    Plaintiff did not receive regularly scheduled work-free uninterrupted meal breaks for one-hour each for three meals per day.

216.    Plaintiffs regularly ate their meals while feeding the clients or attempted to eat between their duties, taking between 10 to 30 minutes per meal.

217.    Defendant knew or should have known Plaintiffs were working throughout their entire shift, including during meal and sleep breaks.

218.    Defendant knew the amount of care its patients need from Home Health Aides, including Plaintiffs.

219.    Defendant required Plaintiffs to fill out forms noting certain tasks the Plaintiffs had to complete.

220.    A sample of such a form is provided herein:

| BATH - ☑ Shower ✓ Bed ☑ Tub ☐ Sponge | WEIGHT |
|---|---|
| GROOMING | PREPARE and SERVE MEAL ✓    DIET |
| DRESSING ✓ | ☐ Breakfast ☑ Lunch ☐ Dinner ☑ Snack |
| MOUTH CARE/DENTURES | SHOPPING/ERRANDS |
| SHAMPOO ✓ | LAUNDRY ✓ |
| NAIL CARE (Clean and File only) | CLEAN BATHROOM ✓ |
| SHAVE | CLEAN KITCHEN |
| PERINEAL CARE | CLEAN PATIENT'S ROOM ✓ |
| TOILETING ☑ Bathroom ☐ Commode ☐ Bedpan | VACUUM/DUST |
| ☑ Urinal ☐ Catheter ☐ Incontinent (diaper/pad) | CHANGE PATIENT'S LINEN ✓ |
| TRANSFER ASSISTANCE ☐ Hoyer Lift ☐ Transfer Board | MOP FLOOR |
| TURN and POSITION | REMIND PATIENT TO TAKE MEDICATION ✓ |
| SPECIAL SKIN CARE | ASSIST PATIENT WITH MEDICATION ✓ |
| ROM/HOME EXERCISE PROGRAM | ACCOMPANY PATIENT TO MD |
| | MONITOR PATIENT SAFETY |
| | OTHER |

221.    Defendant permitted or pressured Plaintiffs to work through their meal and sleep breaks without compensation.

222.    As a result, Plaintiffs were regularly denied up to 11 hours of pay for each live-in shift worked.

223.    Because the unpaid time occurred in weeks in which Plaintiffs worked more than one 24-hour shift or other shifts totaling more than 20 hours, Plaintiffs worked over 40 hours in a workweek and were not paid overtime for all overtime worked.

224.    Because the unpaid time brought Plaintiffs' hourly rate of pay below the minimum wage and Plaintiffs' shifts lasted over 10 hours from start to finish, Plaintiffs were entitled to spread-of-hours pay.

225.    Defendant, however, did not pay Plaintiffs spread-of-hours wages.

226.    Plaintiffs furnished labor to Defendant in furtherance of Defendant's performance of the contracts.

227.    The agreement to pay Plaintiffs the prevailing rates of wages and benefits as required by WPL § 3614-c was made for the benefit of Plaintiffs.

228.    Defendant's failure to pay all hours worked also resulted in Plaintiffs being denied the WPL wage premiums due.

***Failure to Pay on Time***

229.    As described above, Defendant failed to pay Plaintiffs within seven days after the end of the workweek as required by the NYLL.

230.    Defendant did not possess a reasonable good-faith basis for believing that its delayed payment of wages complied with the law.

231.    Plaintiffs were deprived of the time value of their earned wages during periods in which payment was illegally delayed.

232.    Defendant, however, benefited from the delayed payments.  That is, among other things, Defendant reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

233.    Defendant was able to pay wages due on time.

234.    Defendant was able to pay Plaintiffs within a week of the end of the week but did not do so.

235.    Defendant is not listed on the Department of Labor's list of entities to which authorization to pay less frequently than required by NYLL § 191 has been issued, titled: Authorization to Extend the Pay Period of Manual Workers as of 2/2/2014.  *See* https://dol.ny.gov/ system/files/documents/2024/02/monthlyrptinternetpostingpermissiontopaybimonthly.pdf    (last accessed Feb. 26, 2024).

236.    The State of New York has required certain businesses to pay their manual workers on a weekly basis since the 19th Century.  *See* N.Y. Session Law 1890, Ch. 388 § 1 ("Every manufacturing . . . company shall pay weekly, each and every employee engaged in its business,

the wages earned by such employee to within six days of the date of such payment . . . ."); N.Y. Session Law 1897, Ch. 415 §§ 2, 10 ("Every corporation . . shall pay weekly to each employe [sic] the wages earned by him to a day not more than six days prior to the date of such payment.").

237.    A reasonable employer inquiring into the wage payment rules of New York would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Quests flyer regarding the Wage Theft Prevention Act (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dept. 2019).

238.    Furthermore, the job duties of Home Health Aides, described in a similar manner to Plaintiffs' job duties, have been found to plausibly be within the scope of the NYLL's definition of manual workers. *See Beh v. Cmty. Care Companions In*c., No. 19 Civ. 1417, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021), *adopted*, 2021 WL 3914320 (W.D.N.Y. June 23, 2021).

239.    While employed by Defendant, Plaintiffs provided services to homebound, ailing elderly and/or disabled clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, lifting and transferring bedridden or immobile clients, cooking and serving food, changing diapers and toileting, cleaning, such as mopping, sweeping, cleaning bathrooms, doing laundry, making appointments, escorting clients to the doctor, and making transportation arrangements, and taking out garbage.

***Wage Statement Violations***

240.    Defendant did not list accurate hours worked on Plaintiffs' paystubs, as Defendant failed to record Plaintiffs' 24-hour shifts.

241.    As a result, Defendant did not furnish Plaintiffs with accurate statements of hours worked as required by NYLL.

242.    Defendant's failure to report Plaintiffs' actual hours worked facilitated its unlawful wage-payment policies.

243.    That is, Defendant failed to provide Plaintiffs with the information necessary to determine the total number of hours worked and compare same to the wages being paid.

244.    This hindered Plaintiffs' ability to challenge the unlawful wage payment at the time of the payment.

**<u>FIRST CAUSE OF ACTION</u>**
**FLSA – Unpaid Overtime Wages**
**(On behalf of Plaintiffs Cai Zhong Li, Cui Lan Zhao,**
**Yan E. Yu, Hui Xia Feng, and Xiao Yong Xu)**

245.    Plaintiffs incorporate by reference all preceding allegations.

246.    Defendant employed Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, and Xiao Yong Xu for workweeks longer than 40 hours and willfully failed to compensate them at a rate of at least one and one-half times the regular rate for all hours over 40, in violation of the FLSA.

247.    Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, and Xiao Yong Xu.

248.    Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

249.    Because the willful underpayment of wages, alleged above, Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, and Xiao Yong Xu incurred damages and Defendant

is indebted to them in the amount of the unpaid overtime wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime Wages**
**(On behalf of Plaintiffs Cai Zhong Li, Cui Lan Zhao,**
**Yan E. Yu, Hui Xia Feng, Xiao Yong Xu,**
**Cai Mei Yu, Shu Qun Cao, Hui Xia Kuang, and Yu Jiao Moy)**

250.    Plaintiffs incorporate by reference all preceding allegations.

251.    Defendant employed Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Hui Xia Kuang, and Yu Jiao Moy for workweeks longer than 40 hours and failed to compensate Plaintiffs at a rate of at least one and one-half times the applicable rate for all hours over 40, in violation of the requirements of the NYLL.

252.    By the course of conduct set forth above, Defendant violated NYLL § 650, *et seq*.; 12 N.Y.C.R.R. §§ 142-2.2.

253.    Defendant had a policy and practice of refusing to pay Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Hui Xia Kuang, and Yu Jiao Moy overtime compensation for all hours worked.

254.    Defendant's failure to pay overtime compensation at the proper rate to Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Hui Xia Kuang, and Yu Jiao Moy was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

255.    Because of the underpayment of wages, alleged above, Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Hui Xia Kuang, and Yu Jiao Moy incurred damages and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**NYLL – Minimum Wages**
**(On behalf of Plaintiffs Cai Zhong Li, Cui Lan Zhao,**
**Yan E. Yu, Hui Xia Feng, Xiao Yong Xu,**
**Cai Mei Yu, Shu Qun Cao, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao Moy)**

256.    Plaintiffs incorporate by reference all preceding allegations.

257.    Plaintiffs were employees entitled to be paid no less than the applicable minimum wage.

258.    Throughout Plaintiffs' employment, Defendant paid Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao Moy at the rate of about $1.00 per hour above the minimum wage required to be paid by large New York City employers for each hour they paid Plaintiffs for.

259.    By failing to pay Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao Moy for all hours worked, their effective hourly rates fell below the applicable minimum wage.

260.    Defendant employed Plaintiffs for workweeks in which Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao Moy were paid at a rate of less than the applicable minimum wage.

261.    By the course of conduct set forth above, Defendant violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.1(a)(1)(i).

262.    Defendant had a policy and practice of refusing to pay the minimum wage for all hours worked by Plaintiffs.

263.    Defendant's failure to pay all minimum wages due to Plaintiffs was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

264.    Because of the underpayment of wages, alleged above, Plaintiffs Cai Zhong Li, Hui Xia Feng, Yan E. Yu, Hui Xia Feng, Xiao Y Xu, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao Moy

incurred damages and Defendant is indebted to them in the amount of the unpaid minimum wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### NYLL – Unpaid Non-Overtime Wages
### (On behalf of Plaintiffs)

265.    Plaintiffs incorporate by reference all preceding allegations.

266.    Plaintiffs are employees entitled to be paid for all hours worked.

267.    Defendant failed to pay Plaintiffs non-overtime wages to which they are entitled under NYLL §§ 650, *et seq*., specifically NYLL § 661(3), and the supporting New York State Department of Labor Regulations.

268.    Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

269.    Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs, that is not otherwise authorized by law or by the employee.

270.    Defendant failed to pay Plaintiffs all wages due, including wages under the WPL, for the hours they each worked for Defendant.

271.    Defendant had a policy and practice of refusing to pay non-overtime compensation for all hours worked to Plaintiffs.

272.    Defendant's failure to pay non-overtime compensation to Plaintiffs was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

273.    Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**NYLL – Failure to Pay Spread-of-Hours Wages**
**(On behalf of Plaintiffs)**

274.    Plaintiffs incorporate by reference all preceding allegations.

275.    Plaintiffs worked shifts in which the spread of hours exceeded 10 hours, as defined by 12 N.Y.C.R.R. § 146-1.6.

276.    Plaintiffs were entitled to an additional hour of minimum wage pay, as per 12 N.Y.C.R.R. § 142-2.4, by virtue of working shifts that exceeded 10 hours.

277.    Defendant failed to pay Plaintiffs one additional hour of minimum wage pay for each day Plaintiff's spread of hours exceeded 10 hours, in violation of NYLL §§ 650, *et seq*., as codified by 12 N.Y.C.R.R. § 142-2.4.

278.    Defendant's failure to pay Plaintiffs an additional hour of pay for each day where the spread of hours exceeded 10 was willful or otherwise lacked sufficient good faith the meaning of NYLL § 663.

279.    As a result, Defendant owes Plaintiffs their unpaid spread-of-hours pay, together with liquidated damages, interest, attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**NYLL – Failure to Provide Wage Statement**
**(Brought on behalf of Plaintiffs Cai Zhong Li, Cui Lan Zhao,**
**Yan E. Yu, Hui Xia Feng, Xiao Yong Xu,**
**Cai Mei Yu, Shu Qun Cao, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao Moy)**

280.    Plaintiffs incorporate by reference all preceding allegations.

281.    Defendant failed to supply Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao

Moy with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

282.    Due to Defendant's violations of NYLL § 195, Plaintiffs Cai Zhong Li, Cui Lan Zhao, Yan E. Yu, Hui Xia Feng, Xiao Yong Xu, Cai Mei Yu, Shu Qun Cao, Yu Xiu Wu, Hui Xia Kuang, and Yu Jiao Moy are entitled to the damages specified by statutes, together with reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NYLL – Untimely Payment of Wages**
**(On behalf of Plaintiffs)**

283.    Plaintiffs incorporate by reference all preceding allegations.

284.    Defendant failed to pay Plaintiffs within seven days after the end of the workweek as required by NYLL § 191(1)(a).

285.    Defendant has not received authorization under NYLL § 191(1)(a)(ii) from the Commissioner of Labor to pay its employees less frequently than once per week.

286.    Due to Defendant's violations of NYLL § 191(1)(a), Plaintiffs are owed damages and other relief as provided for by NYLL § 198.  As per Section 198(1-a) of the NYLL, such damages include the lost interest for the delayed payment of wages calculated using a daily interest rate for each day payment was late based on the annual rate of interest in effect, as prescribed by the superintendent of financial services pursuant to Section 14-a of the Banking Law, which is 16% per year.   Such damages also include pre- and post-judgment interest, and attorneys' fees and costs in accordance with NYLL § 198.

## EIGHTH CAUSE OF ACTION
### Breach of Contract
### (On behalf of Plaintiffs)

287.    Plaintiffs incorporate by reference all preceding allegations.

288.    Defendant willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled and breached their obligation to pay Plaintiffs all wages they were due as required by WPL § 3614-c.

289.    Upon information and belief, at all times relevant, Defendant was requ123ired to certify and did certify that it paid Plaintiffs wages as required by WPL § 3614-c.

290.    Plaintiffs, as third-party beneficiaries of Defendant's contracts with government agencies to pay wages as required by the WPL, are entitled to relief for the breach of this contractual obligation, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief:

A.    Unpaid overtime wages under the FLSA and NYLL;

B.    Unpaid non-overtime wages under the NYLL;

C.    Unpaid spread-of-hours wages under the NYLL;

D.    Unpaid WPL wages;

E.    Liquidated damages for unpaid wages under the FLSA and NYLL;

F.    Interest for late-paid wages under the NYLL;

G.    Attorney's fees and costs of the action;

H.    Pre-judgment interest and post-judgment interest as provided by law;

I.    A declaratory judgment that the practices complained of are unlawful; and

J.    Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: December 19, 2025
      Melville, New York

Respectfully submitted,

Garrett Kaske

Troy L. Kessler
Garrett Kaske
**KESSLER MATURA P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
(631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Aaron Halegua
**AARON HALEGUA, PLLC**
524 Broadway, 11th Floor
New York, NY 10012
(646) 854-9061
ah@aaronhalegua.com

*Attorneys for Plaintiffs*

To:   Emina Poricanin
      Charlotte Rehfuss
      PORICANIN LAW P.C.
      52 Madeleine Lane
      Glenmont, NY 12077
      Tel: 315-269-1125
      emina@poricaninlaw.com
      charlotte@poricaninlaw.com

*Attorneys for Defendant*