UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAI ZHONG LI, CUI LAN ZHAO, YAN E. YU, HUI XIA FENG, XIAO YONG XU, CAI MEI YU, SHU QUN CAO, YU XIU WU, HUI XIA KUANG, YU JIAO MOY, and XUE JIAO ZHU,

Plaintiffs,

v.

1ST CHOICE HOME CARE SERVICE INC.,

Defendant.

**Case 1:25-cv-04118 (AMD)**

# DEFENDANT 1ST CHOICE HOME CARE SERVICE INC.'S ANSWER TO AMENDED COMPLAINT

Defendant 1ST CHOICE HOME CARE SERVICE INC. ("1st Choice" or the "Company"), by and through its attorneys, PORICANIN LAW, P.C., hereby answers the Amended Complaint (the "Complaint") as follows. Except as expressly admitted below, Defendant denies each and every allegation in the Complaint, including any allegations contained in headings, footnotes, images, or the prayer for relief. Defendant answers the Complaint subject to, and without waiving, its right to compel arbitration of the claims of any Plaintiff who is party to an agreement to arbitrate, and its right to enforce any class, collective, or representative action waiver.

## PRELIMINARY STATEMENT

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Paragraph 9 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 11 of the Complaint.

## PROCEDURAL HISTORY

12. Defendant admits that Plaintiffs' counsel advised Defendant that it represented Plaintiffs, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12 of the Complaint, including the date alleged, and therefore denies them.

13. Defendant admits that its counsel requested that Plaintiffs' counsel identify the individuals it represented, and lacks knowledge or information sufficient to form a belief as to the

remaining allegations in paragraph 13 of the Complaint, including the date alleged, and therefore denies them.

14. Defendant admits that Plaintiffs' counsel identified the individuals it represented, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14 of the Complaint, including the date alleged, and therefore denies them.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. To the extent Plaintiffs filed demands for arbitration with the American Arbitration Association, Defendant admits that such demands were filed, and denies the remaining allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

**PLAINTIFF-CAI ZHONG LI**

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.

22. Defendant denies the allegations in paragraph 22 of the Complaint, except admits only that Plaintiff Cai Zhong Li provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies them.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 34 of the Complaint.

**PLAINTIFF-CUI LAN ZHAO**

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies them.

37. Defendant denies the allegations in paragraph 37 of the Complaint, except admits only that Plaintiff Cui Lan Zhao provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and therefore denies them.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 49 of the Complaint.

**PLAINTIFF-YAN E. YU**

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and therefore denies them.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies them.

52. Defendant denies the allegations in paragraph 52 of the Complaint, except admits only that Plaintiff Yan E. Yu provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and therefore denies them.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 64 of the Complaint.

**PLAINTIFF-HUI XIA FENG**

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint, and therefore denies them.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, and therefore denies them.

67. Defendant denies the allegations in paragraph 67 of the Complaint, except admits only that Plaintiff Hui Xia Feng provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and therefore denies them.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 80 of the Complaint.

**PLAINTIFF-XIAO YONG XU**

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and therefore denies them.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and therefore denies them.

83. Defendant denies the allegations in paragraph 83 of the Complaint, except admits only that Plaintiff Xiao Yong Xu provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, and therefore denies them.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

91. Defendant denies the allegations in paragraph 91 of the Complaint.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 96 of the Complaint.

## PLAINTIFF-CAI MEI YU

97. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint, and therefore denies them.

98. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint, and therefore denies them.

99. Defendant denies the allegations in paragraph 99 of the Complaint, except admits only that Plaintiff Cai Mei Yu provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint, and therefore denies them.

104. Defendant denies the allegations in paragraph 104 of the Complaint.

105. Defendant denies the allegations in paragraph 105 of the Complaint.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

107. Defendant denies the allegations in paragraph 107 of the Complaint.

108. Defendant denies the allegations in paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 111 of the Complaint.

## PLAINTIFF-SHU QUN CAO

112. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint, and therefore denies them.

113. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint, and therefore denies them.

114. Defendant denies the allegations in paragraph 114 of the Complaint, except admits only that Plaintiff Shu Qun Cao provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the

dates alleged and any characterization of the relationship alleged in paragraph 114 of the Complaint.

115. Defendant denies the allegations in paragraph 115 of the Complaint.

116. Defendant denies the allegations in paragraph 116 of the Complaint.

117. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint, and therefore denies them.

118. Defendant denies the allegations in paragraph 118 of the Complaint.

119. Defendant denies the allegations in paragraph 119 of the Complaint.

120. Defendant denies the allegations in paragraph 120 of the Complaint.

121. Defendant denies the allegations in paragraph 121 of the Complaint.

122. Defendant denies the allegations in paragraph 122 of the Complaint.

123. Paragraph 123 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 125 of the Complaint.

## PLAINTIFF-YU XIU WU

126. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint, and therefore denies them.

127. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint, and therefore denies them.

128. Defendant denies the allegations in paragraph 128 of the Complaint, except admits only that Plaintiff Yu Xiu Wu provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 128 of the Complaint.

129. Defendant denies the allegations in paragraph 129 of the Complaint.

130. Defendant denies the allegations in paragraph 130 of the Complaint.

131. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint, and therefore denies them.

132. Defendant denies the allegations in paragraph 132 of the Complaint.

133. Defendant denies the allegations in paragraph 133 of the Complaint.

134. Defendant denies the allegations in paragraph 134 of the Complaint.

135. Defendant denies the allegations in paragraph 135 of the Complaint.

136. Paragraph 136 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 136 of the Complaint.

137. Paragraph 137 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 137 of the Complaint.

138. Paragraph 138 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 138 of the Complaint.

**PLAINTIFF-HUI XIA KUANG**

139. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint, and therefore denies them.

140. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint, and therefore denies them.

141. Defendant denies the allegations in paragraph 141 of the Complaint, except admits only that Plaintiff Hui Xia Kuang provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 141 of the Complaint.

142. Defendant denies the allegations in paragraph 142 of the Complaint.

143. Defendant denies the allegations in paragraph 143 of the Complaint.

144. Defendant denies the allegations in paragraph 144 of the Complaint.

145. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint, and therefore denies them.

146. Defendant denies the allegations in paragraph 146 of the Complaint.

147. Defendant denies the allegations in paragraph 147 of the Complaint.

148. Defendant denies the allegations in paragraph 148 of the Complaint.

149. Defendant denies the allegations in paragraph 149 of the Complaint.

150. Defendant denies the allegations in paragraph 150 of the Complaint.

151. Paragraph 151 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 151 of the Complaint.

152. Paragraph 152 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 152 of the Complaint.

153. Paragraph 153 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 153 of the Complaint.

## PLAINTIFF-YU JIAO MOY

154. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint, and therefore denies them.

155. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint, and therefore denies them.

156. Defendant denies the allegations in paragraph 156 of the Complaint, except admits only that Plaintiff Yu Jiao Moy provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 156 of the Complaint.

157. Defendant denies the allegations in paragraph 157 of the Complaint.

158. Defendant denies the allegations in paragraph 158 of the Complaint.

159. Defendant denies the allegations in paragraph 159 of the Complaint.

160. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint, and therefore denies them.

161. Defendant denies the allegations in paragraph 161 of the Complaint.

162. Defendant denies the allegations in paragraph 162 of the Complaint.

163. Defendant denies the allegations in paragraph 163 of the Complaint.

164. Defendant denies the allegations in paragraph 164 of the Complaint.

165. Defendant denies the allegations in paragraph 165 of the Complaint.

166. Paragraph 166 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 168 of the Complaint.

**PLAINTIFF-XUE JIAO ZHU**

169. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the Complaint, and therefore denies them.

170. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint, and therefore denies them.

171. Defendant denies the allegations in paragraph 171 of the Complaint.

172. Defendant denies the allegations in paragraph 172 of the Complaint.

173. Defendant denies the allegations in paragraph 173 of the Complaint.

174. Defendant denies the allegations in paragraph 174 of the Complaint, except admits only that Plaintiff Xue Jiao Zhu provided home care services to clients of Defendant during certain periods, the dates of which are reflected in Defendant's records. Defendant specifically denies the dates alleged and any characterization of the relationship alleged in paragraph 174 of the Complaint.

175. Defendant denies the allegations in paragraph 175 of the Complaint.

176. Defendant denies the allegations in paragraph 176 of the Complaint.

177. Defendant denies the allegations in paragraph 177 of the Complaint.

178. Defendant denies the allegations in paragraph 178 of the Complaint.

179. Defendant denies the allegations in paragraph 179 of the Complaint.

180. Defendant denies the allegations in paragraph 180 of the Complaint.

181. Paragraph 181 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 181 of the Complaint.

182. Paragraph 182 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 182 of the Complaint.

183. Paragraph 183 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 183 of the Complaint.

**<u>THE PARTIES-DEFENDANT</u>**

184. Defendant admits the allegations in paragraph 184 of the Complaint.

185. Defendant denies the allegations in paragraph 185 of the Complaint. Defendant's current address is 8710 5th Avenue, 3rd floor, Brooklyn, NY 11209.

186. Defendant admits the allegations in paragraph 186 of the Complaint.

187. Defendant denies the allegations in paragraph 187 of the Complaint.

188. Defendant admits the allegations in paragraph 188 of the Complaint.

189. Defendant admits the allegations in paragraph 189 of the Complaint.

190. Defendant denies the allegations in paragraph 190 of the Complaint.

191. Defendant denies the allegations in paragraph 191 of the Complaint.

192. Paragraph 192 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 192 of the Complaint.

193. Paragraph 193 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 193 of the Complaint.

194. Defendant denies the allegations in paragraph 194 of the Complaint.

195. Defendant admits the allegations in paragraph 195 of the Complaint.

196. Defendant denies the allegations in paragraph 196 of the Complaint.

197. Paragraph 197 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 197 of the Complaint.

198. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 of the Complaint, and therefore denies them.

199. Defendant denies the allegations in paragraph 199 of the Complaint.

200. Defendant denies the allegations in paragraph 200 of the Complaint.

201. Defendant denies the allegations in paragraph 201 of the Complaint.

202. Defendant denies the allegations in paragraph 202 of the Complaint.

203. Defendant denies the allegations in paragraph 203 of the Complaint.

204. Defendant denies the allegations in paragraph 204 of the Complaint.

205. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 of the Complaint, and therefore denies them.

206. Paragraph 206 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 206 of the Complaint.

207. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 of the Complaint, and therefore denies them.

## PLAINTIFFS' CLAIMS

208. Defendant denies the allegations in paragraph 208 of the Complaint.

209. Defendant denies the allegations in paragraph 209 of the Complaint.

210. Defendant denies the allegations in paragraph 210 of the Complaint.

211. Defendant denies the allegations in paragraph 211 of the Complaint.

212. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212 of the Complaint, and therefore denies them.

213. Defendant denies the allegations in paragraph 213 of the Complaint.

214. Defendant denies the allegations in paragraph 214 of the Complaint.

215. Defendant denies the allegations in paragraph 215 of the Complaint.

216. Defendant denies the allegations in paragraph 216 of the Complaint.

217. Defendant denies the allegations in paragraph 217 of the Complaint.

218. Defendant denies the allegations in paragraph 218 of the Complaint.

219. Defendant denies the allegations in paragraph 219 of the Complaint.

220. Defendant denies the allegations in paragraph 220 of the Complaint.

221. Defendant denies the allegations in paragraph 221 of the Complaint.

222. Defendant denies the allegations in paragraph 222 of the Complaint.

223. Defendant denies the allegations in paragraph 223 of the Complaint.

224. Defendant denies the allegations in paragraph 224 of the Complaint.

225. Defendant denies the allegations in paragraph 225 of the Complaint.

226. Defendant denies the allegations in paragraph 226 of the Complaint.

227. Defendant denies the allegations in paragraph 227 of the Complaint.

228. Defendant denies the allegations in paragraph 228 of the Complaint.

229. Defendant denies the allegations in paragraph 229 of the Complaint.

230. Defendant denies the allegations in paragraph 230 of the Complaint.

231. Defendant denies the allegations in paragraph 231 of the Complaint.

232. Defendant denies the allegations in paragraph 232 of the Complaint.

233. Defendant denies the allegations in paragraph 233 of the Complaint.

234. Defendant denies the allegations in paragraph 234 of the Complaint.

235. Defendant denies the allegations in paragraph 235 of the Complaint.

236. Paragraph 236 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 236 of the Complaint.

237. Paragraph 237 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 237 of the Complaint.

238. Paragraph 238 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 238 of the Complaint.

239. Defendant denies the allegations in paragraph 239 of the Complaint.

240. Defendant denies the allegations in paragraph 240 of the Complaint.

241. Defendant denies the allegations in paragraph 241 of the Complaint.

242. Defendant denies the allegations in paragraph 242 of the Complaint.

243. Defendant denies the allegations in paragraph 243 of the Complaint.

244. Defendant denies the allegations in paragraph 244 of the Complaint.

## FIRST CAUSE OF ACTION

245. In response to paragraph 245 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

246. Defendant denies the allegations in paragraph 246 of the Complaint.

247. Defendant denies the allegations in paragraph 247 of the Complaint.

248. Paragraph 248 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 248 of the Complaint.

249. Defendant denies the allegations in paragraph 249 of the Complaint.

## SECOND CAUSE OF ACTION

250. In response to paragraph 250 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

251. Defendant denies the allegations in paragraph 251 of the Complaint.

252. Paragraph 252 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 252 of the Complaint.

253. Defendant denies the allegations in paragraph 253 of the Complaint.

254. Defendant denies the allegations in paragraph 254 of the Complaint.

255. Defendant denies the allegations in paragraph 255 of the Complaint.

**THIRD CAUSE OF ACTION**

256. In response to paragraph 256 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

257. Paragraph 257 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 257 of the Complaint.

258. Defendant denies the allegations in paragraph 258 of the Complaint.

259. Defendant denies the allegations in paragraph 259 of the Complaint.

260. Defendant denies the allegations in paragraph 260 of the Complaint.

261. Paragraph 261 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 261 of the Complaint.

262. Defendant denies the allegations in paragraph 262 of the Complaint.

263. Defendant denies the allegations in paragraph 263 of the Complaint.

264. Defendant denies the allegations in paragraph 264 of the Complaint.

**FOURTH CAUSE OF ACTION**

265. In response to paragraph 265 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

266. Paragraph 266 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 266 of the Complaint.

267. Defendant denies the allegations in paragraph 267 of the Complaint.

268. Paragraph 268 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 268 of the Complaint.

269. Paragraph 269 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 269 of the Complaint.

270. Defendant denies the allegations in paragraph 270 of the Complaint.

271. Defendant denies the allegations in paragraph 271 of the Complaint.

272. Defendant denies the allegations in paragraph 272 of the Complaint.

273. Defendant denies the allegations in paragraph 273 of the Complaint.

**FIFTH CAUSE OF ACTION**

274. In response to paragraph 274 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

275. Defendant denies the allegations in paragraph 275 of the Complaint.

276. Paragraph 276 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 276 of the Complaint.

277. Defendant denies the allegations in paragraph 277 of the Complaint.

278. Defendant denies the allegations in paragraph 278 of the Complaint.

279. Defendant denies the allegations in paragraph 279 of the Complaint.

## SIXTH CAUSE OF ACTION

280. In response to paragraph 280 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

281. Defendant denies the allegations in paragraph 281 of the Complaint.

282. Defendant denies the allegations in paragraph 282 of the Complaint.

## SEVENTH CAUSE OF ACTION

283. In response to paragraph 283 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

284. Defendant denies the allegations in paragraph 284 of the Complaint.

285. Defendant denies the allegations in paragraph 285 of the Complaint.

286. Defendant denies the allegations in paragraph 286 of the Complaint.

## EIGHTH CAUSE OF ACTION

287. In response to paragraph 287 of the Complaint, Defendant repeats and incorporates its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

288. Defendant denies the allegations in paragraph 288 of the Complaint.

289. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289 of the Complaint, and therefore denies them.

290. Defendant denies the allegations in paragraph 290 of the Complaint.

**PRAYER FOR RELIEF**

Defendant denies the allegations and relief sought in the Prayer for Relief, including subsections A through J thereof.

**FIRST AFFIRMATIVE DEFENSE**

291. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

292. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including 29 U.S.C. § 255(a) and N.Y. Labor Law §§ 198(3) and 663(3), and Plaintiffs are not entitled to equitable tolling.

**THIRD AFFIRMATIVE DEFENSE**

293. The claims of Plaintiffs who entered into the Agreement Regarding the Fact-Finding and Issue Resolution ("FAIR") Program and Arbitration, or any other agreement to arbitrate, are subject to mandatory individual arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and may not proceed in this Court. Defendant answers the Complaint subject to, and without waiving, its right to compel arbitration and to enforce any class, collective, or representative action waiver, and nothing in this Answer, or in Defendant's participation in this action, constitutes a waiver of any such right.

**FOURTH AFFIRMATIVE DEFENSE**

294. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to satisfy conditions precedent to suit, including the dispute resolution procedures of the FAIR Program and

any other applicable agreement, and by their failure to exhaust administrative and contractual remedies.

**FIFTH AFFIRMATIVE DEFENSE**

295. Plaintiffs were not employed by Defendant within the meaning of the Fair Labor Standards Act, the New York Labor Law, or the New York Home Care Worker Wage Parity Law during some or all of the periods alleged, and Defendant was not Plaintiffs' employer during some or all of the periods alleged.

**SIXTH AFFIRMATIVE DEFENSE**

296. Plaintiffs were properly compensated for all hours worked. Under 12 N.Y.C.R.R. § 142-2.1(b), the New York State Department of Labor's interpretation of that regulation, and Andryeyeva v. New York Health Care, Inc., 33 N.Y.3d 152 (2019), home care aides who work 24-hour live-in shifts may be paid for 13 hours of each shift, where they are afforded eight hours for sleep, at least five of which are uninterrupted, and three hours for meals.

**SEVENTH AFFIRMATIVE DEFENSE**

297. Time spent by Plaintiffs sleeping, eating, or otherwise engaged in personal activities, or relieved from duty, is not compensable working time, including under 29 C.F.R. §§ 785.16, 785.19, 785.22, and 785.23, and under any express or implied agreement between Plaintiffs and Defendant excluding such time from hours worked.

**EIGHTH AFFIRMATIVE DEFENSE**

298. To the extent Plaintiffs' sleep or meal periods were interrupted, Plaintiffs failed to report the interruptions to Defendant as required by Defendant's policies and procedures, Defendant had no actual or constructive knowledge of any such interruptions or of any uncompensated work, and Plaintiffs are estopped from claiming compensation for them.

**NINTH AFFIRMATIVE DEFENSE**

299. Some or all of the time for which Plaintiffs seek compensation is not compensable under the Portal-to-Portal Act, 29 U.S.C. § 254, including travel time and activities that are preliminary or postliminary to Plaintiffs' principal activities.

**TENTH AFFIRMATIVE DEFENSE**

300. Any uncompensated time is de minimis and not compensable.

**ELEVENTH AFFIRMATIVE DEFENSE**

301. Some or all of Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs were exempt from the overtime or minimum wage requirements of the Fair Labor Standards Act or the New York Labor Law, including under 29 U.S.C. § 213 and its implementing regulations, and any applicable exemption under New York law.

**TWELFTH AFFIRMATIVE DEFENSE**

302. Defendant at all times acted in good faith and had reasonable grounds for believing that its acts and omissions did not violate the Fair Labor Standards Act or the New York Labor Law, including in reliance on the regulations, interpretations, opinion letters, and guidance of the United States Department of Labor and the New York State Department of Labor and the decisions of the New York Court of Appeals. Accordingly, Defendant is not liable for liquidated damages under 29 U.S.C. § 260 or N.Y. Labor Law §§ 198 and 663, and Plaintiffs' claims are barred, in whole or in part, by 29 U.S.C. § 259.

**THIRTEENTH AFFIRMATIVE DEFENSE**

303. Any alleged violation was not willful, and the three-year limitations period under 29 U.S.C. § 255(a) does not apply.

**FOURTEENTH AFFIRMATIVE DEFENSE**

304. Plaintiffs are not entitled to duplicative liquidated damages under both the Fair Labor Standards Act and the New York Labor Law, or to any double recovery of the same alleged damages under multiple statutes or theories.

**FIFTEENTH AFFIRMATIVE DEFENSE**

305. Plaintiffs are not entitled to prejudgment interest on any amount for which liquidated damages are awarded under the Fair Labor Standards Act.

**SIXTEENTH AFFIRMATIVE DEFENSE**

306. Plaintiffs' claims are barred, in whole or in part, by the doctrines of payment, accord and satisfaction, release, and waiver.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

307. Any recovery by Plaintiffs must be offset, reduced, or credited by all amounts paid to Plaintiffs, including wages, premiums, overtime, spread-of-hours pay, paid time off, benefits, and supplemental wage parity payments, and by any other amounts Plaintiffs owe to Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

308. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, in pari delicto, and ratification.

**NINETEENTH AFFIRMATIVE DEFENSE**

309. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and election of remedies, including by reason of any complaint filed with, or proceeding before, the New York State Department of Labor or any other agency or tribunal.

**TWENTIETH AFFIRMATIVE DEFENSE**

310. Plaintiffs were not "manual workers" within the meaning of N.Y. Labor Law § 190(4), and Defendant was not required to pay Plaintiffs on a weekly basis.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

311. There is no private right of action to recover liquidated damages for the alleged late payment of wages that were paid in full, and, to the extent any such claim lies, Plaintiffs' recovery is limited as provided in N.Y. Labor Law § 198(1-a), as amended, including to lost interest.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

312. Plaintiffs lack standing under Article III of the United States Constitution to pursue their claims under N.Y. Labor Law §§ 191 and 195, because they did not suffer any concrete and particularized injury as a result of the alleged violations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

313. Defendant provided Plaintiffs with all wage notices and wage statements required by N.Y. Labor Law § 195, and, to the extent any notice or statement was not provided or was inaccurate, Defendant made complete and timely payment of all wages due and reasonably believed in good faith that it was not required to provide the notice or statement, within the meaning of N.Y. Labor Law § 198(1-b) and (1-d).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

314. The New York Home Care Worker Wage Parity Law, N.Y. Public Health Law § 3614-c, does not provide a private right of action; Plaintiffs are not intended third-party beneficiaries of any contract between Defendant and any governmental agency or other entity; and Plaintiffs' wage parity claims are barred, in whole or in part, because Defendant paid all wages and supplemental benefits required by that law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

315. Plaintiffs' claims are barred, in whole or in part, by their failure to join necessary and indispensable parties under Federal Rule of Civil Procedure 19, including any governmental

agency, managed care plan, or other party to the contracts on which Plaintiffs' wage parity claims are based.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

316. The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(c), including any claims of Plaintiffs who assert no claim under the Fair Labor Standards Act.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

317. Plaintiffs' claims for unjust enrichment, restitution, or other equitable relief, if any, are barred because Plaintiffs have an adequate remedy at law, the claims are duplicative of Plaintiffs' statutory claims, and Defendant received no unjust benefit.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

318. Plaintiffs failed to mitigate their damages, if any.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

319. Plaintiffs' damages, if any, are speculative and not recoverable.

**THIRTIETH AFFIRMATIVE DEFENSE**

320. Plaintiffs are not entitled to punitive or exemplary damages.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

321. Plaintiffs may not proceed on a class, collective, or representative basis, because, among other reasons, they are not similarly situated to one another or to any other person, individual issues predominate, and certain Plaintiffs and putative class or collective members are bound by agreements waiving class, collective, and representative proceedings.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

322. Plaintiffs' claims are barred, in whole or in part, by the after-acquired evidence doctrine.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

323. Any damages Plaintiffs allegedly suffered were caused by their own acts or omissions, or by the acts or omissions of third parties for whom Defendant is not responsible.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

324. Plaintiffs' claims are barred, in whole or in part, to the extent they are moot, or to the extent Plaintiffs have already been compensated for the claims asserted.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

325. Plaintiffs' claims for attorneys' fees and costs are barred, in whole or in part, and any fees or costs sought are unreasonable.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

326. Defendant paid Plaintiffs all sums due to them under the applicable laws and regulations, and at all times paid and provided working conditions to Plaintiffs in accordance with all applicable federal, state, and local laws.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

327. Defendant is not liable for any work allegedly performed that was not authorized, recorded, reported, or permitted by Defendant, including any work performed in violation of Defendant's policies requiring accurate reporting of hours worked and of any interruption of sleep or meal periods.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

328. Plaintiffs' claims for damages are barred to the extent they seek restitution, because Defendant received no pecuniary benefit as a result of the alleged conduct at issue.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

329. To the extent Plaintiffs' claims are based on any contract, Defendant's obligations, if any, were excused, in whole or in part, by Plaintiffs' own conduct or by changes in circumstances, and Plaintiffs failed to exhaust any remedies required by such contract.

**FORTIETH AFFIRMATIVE DEFENSE**

330. Any recovery by Plaintiffs is subject to all legally required withholdings and deductions, including federal, state, and local income taxes and the employee share of Social Security and Medicare taxes, which Defendant reserves the right to withhold and remit from any judgment, settlement, or payment.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

331. Defendant reserves the right to amend this Answer, including the right to assert additional affirmative defenses and counterclaims, as the facts are ascertained and this matter proceeds.

**WHEREFORE**, having fully answered Plaintiffs' allegations, Defendant respectfully requests the dismissal of the Complaint in its entirety, with prejudice, an award of costs, including reasonable attorneys' fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Dated: November 6, 2026

**PORICANIN LAW, P.C.**

By:/s/ Emina Poricanin
Poricanin Law P.C.
*Attorney for Defendant*
*1ST Choice Home Care Services Inc.*

52 Madeleine Lane
Glenmont, NY 12077
Telephone: 315.269.1125
Email: emina@poricaninlaw.com

TO: Troy L. Kessler
Garret Kaske
KESSLER MATURA P.C.

534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, NY 10012
(646) 854-9061
ah@aaronhalegua.com

*Attorneys for Plaintiffs*